UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DALE GRIFFIN and<br>MICHAEL GRIFFIN,<br><br>       Plaintiffs,<br><br>v.<br><br>TOWN OF CUTLER, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 05-52-B-W<br>)<br>)<br>)<br>) |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On August 18, 2005, Magistrate Judge Kravchuk issued a Report and Recommended Decision, recommending that this Court grant in part and deny in part Defendants' motion to dismiss. (Docket # 23). Defendants objected only as regards the individual defendants and only to the portion of the Recommended Decision that addressed the Plaintiffs' civil rights claims.[1] (Docket # 25). In their objection, the Defendants raise two issues: (1) whether the individual Defendants are entitled to qualified immunity; and, (2) whether by failing to argue, the Plaintiffs have waived objection to the individual Defendants' qualified immunity defense.

Turning to the merits of the qualified immunity defense, the Defendants reiterate that because the individual Defendants were relying upon statutory authority and acting within their discretion, they are entitled to qualified immunity. This is not a new argument. The Defendants

---

[1] Although framed as "civil rights" claims, the Plaintiffs are proceeding on an asserted violation of the Commerce Clause as well as claimed denials of equal protection and due process. Count V of the Third Amended Complaint alleges that individual Defendants John Drouin, Patrick Feeney, and Robert Cates violated the United States and Maine constitutional guarantees of procedural and substantive due process and equal protection, and the United States Constitution's Commerce Clause. *Third Amended Petition for Review of Governmental Action Pursuant to M. R. Civ. P. Rule 80B and Complaint for Related Relief* at ¶¶ 110-16 (Docket # 15, Attach. 1). Count IV makes the same claims against the Town of Cutler, but the Town objected to the Recommended Decision only as to the individual Defendants.

raised the same argument with the same force before the Magistrate Judge and for the same reasons, this Court rejects their contention.  The allegations in the Third Amended Complaint are sufficient to allow a conclusion that the individual Defendants "knowingly violate[d] the law." *Burke v. Town of Walpole,* 405 F.3d 66, 77 (1st Cir. 2005)(quoting *Malley v. Briggs,* 475 U.S. 335, 341 (1986)).

Regarding the waiver argument, it is true that the Plaintiffs raised only the most summary and paltry defense to the individual Defendants' qualified immunity argument.  Local Rule 7(b) requires the responding party to file "written objection," incorporating a memorandum of law; otherwise, the opposing party shall be "deemed to have waived objection."  Local Rule 7(b).  The objection must "include citations and supporting authorities and affidavits and other documents setting forth or evidencing facts on which the objection is based."  *Id.*

This is not a case, however, where the opposing party ignored the issue and, therefore, could be held to have waived objection on that basis.  *Compare Fuller-McMahan v. City of Rockland,* No. 05-58, 2005 U.S. Dist. LEXIS 13956, * 26 (D. Me. July 12, 2005)("They do not respond to the defendants' argument concerning their takings claim and that claim accordingly should be dismissed."); *Andrews v. Am. Red Cross Blood Servs.,* 251 F. Supp. 2d 976, 979 (D. Me. 2003)("Failure to respond to a motion to dismiss means that opposition to the motion is waived, Local Rule 7(b), and the motion may be granted for that reason alone…."); *Graffam v. Town of Harpswell,* 250 F.Supp. 2d 1, 3 (D. Me. 2002); *Envision Reality L.L.C. v. Henderson,* No. 01-179, 2001 U.S. Dist. LEXIS 19651, * 21 (D. Me. Nov. 28, 2001)("The plaintiffs in their opposition discuss only a substantive due process claim… and must therefore be deemed to have waived objection to dismissal on any procedural due process claim."); *Dougherty v. NYNEX*

*Corp.,* 835 F. Supp. 22, 23 (D. Me. 1993). Here, the Plaintiffs responded to the Defendants' argument, but cryptically and ineffectively.[2]

The Plaintiffs still run the risk of waiver. Either a failure to object at all or a purely perfunctory argument may subject the party to sanction. *Collins v. Marina-Martinez,* 894 F.2d 474, 481 n.9 (1st Cir. 1990); *Graham v. United States,* 753 F. Supp. 994, 1000 (D. Me. 1990). But, the failure to argue effectively is another matter: it is its own sanction. The line between "issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation", *Collins,* 894 F.2d at 481 n.9, and issues merely argued poorly is sometimes difficult to define, but here, the Plaintiffs did not so cross the line to merit waiver.

The United States Magistrate Judge filed with the Court on August 18, 2005 her Recommended Decision. The Defendants filed their partial objection to the Recommended Decision on August 31, 2005 (Docket # 25) and the Plaintiffs filed their Response to the objection on September 18, 2005 (Docket # 28). This Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. It concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision and for the reasons set forth in this Order and determines no further proceeding is necessary.

    1.    It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge is hereby <u>AFFIRMED</u>.

---

[2] By their own summary argument, the Defendants may have - intentionally or not - lulled the Plaintiffs into a summary response. In her Recommended Decision, Magistrate Judge Kravchuk was critical of the quality of the Plaintiffs' and the Defendants' arguments. She notes that the Defendants' memorandum "is quite terse in its treatment as well", positing an argument "in conclusory fashion." *Recommended Decision* at 26. Where the moving and opposing parties have committed in differing degrees the same sin, the Court is not inclined to impose a penance.

2. It is further <u>ORDERED</u> that the following claims are <u>DISMISSED</u>:

(a) the due process theories that may have been gleaned from the second amended petition and that are now more clearly expressed as a part of counts IV and V of the third amended petition;

(b) any claim for punitive damages against the Town of Cutler; and,

(c) any state tort claims against the Town or the Harbor Masters for their official acts.

In all other respects, the Defendants' Motion to Dismiss is <u>DENIED</u>.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2005